107 T.C. No. 12

UNITED STATES TAX COURT

FORT HOWARD CORPORATION AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 6362-92.                    Filed October 22, 1996.

In <u>Fort Howard Corp. v. Commissioner</u>, 103 T.C. 345
(1994), we held that sec. 162(k), I.R.C., precluded
petitioner from deducting or amortizing the costs and
fees, other than interest, that petitioner paid in 1988
to borrow funds used in the leveraged buyout of its
stock. Sec. 1704(p) of the Small Business Job
Protection Act of 1996, Pub. L. 104-188, 110 Stat.
1755, 1868, which was signed by the President on Aug.
20, 1996, and applies retroactively to 1988, provides
that the expense disallowance rule of sec. 162(k) does
not apply to any "deduction for amounts which are
properly allocable to indebtedness and amortized over
the term of such indebtedness". <u>Held</u>: In light of
this statutory modification, we now hold that the
expense disallowance rule of sec. 162(k), as amended on
Aug. 20, 1996, does not preclude petitioner from taking

---

[*]This opinion supplements our previously filed opinion in
<u>Fort Howard Corp. v. Commissioner</u>, 103 T.C. 345 (1994).

deductions for the amount of costs and fees it paid or incurred that are properly allocable to indebtedness and amortized over the term of such indebtedness.

James L. Malone III, Kristen E. Hazel, and Lonn W. Myers, for petitioner.

Lawrence C. Letkewicz, William E. Bogner, and Dana E.P. Hundrieser, for respondent.

SUPPLEMENTAL OPINION

RUWE, Judge:  On August 24, 1994, we issued an opinion that resolved some, but not all, of the issues in this case.  Fort Howard Corp. v. Commissioner, 103 T.C. 345 (1994).  The parties have now settled the remaining issues.

One of the issues resolved in our prior opinion was whether section 162(k)[1] precluded petitioner from deducting or amortizing the costs and fees, other than interest, that petitioner paid in 1988 to borrow funds used in the leveraged buyout (LBO) of its stock.  We held that such costs and fees were paid or incurred "in connection with" a redemption and that section 162(k) precluded petitioner from deducting or amortizing them for purposes of computing its taxable income.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On August 20, 1996, the President signed the Small Business Job Protection Act of 1996, Pub. L. 104-188, 110 Stat. 1755 (the Act). Section 1704(p) of the Act provides that the expense disallowance rule of section 162(k) does not apply to any "deduction for amounts which are properly allocable to indebtedness and amortized over the term of such indebtedness". 110 Stat. 1887. This provision takes effect as if included in the amendment made by section 613 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2251, which applies to amounts paid or incurred after February 28, 1986.[2] The Act's amendment of

---

[2]Including the amendment made by sec. 1704(p) of the Small Business Job Protection Act of 1996, Pub. L. 104-188, 110 Stat. 1755, sec. 162(k) as it applies to this case provides:

(k) Stock redemption expenses.--

(1) In general.--Except as provided in paragraph (2), no deduction otherwise allowable shall be allowed under this chapter for any amount paid or incurred by a corporation in connection with the redemption of its stock.

(2) Exceptions.--Paragraph (1) shall not apply to--

(A) Certain specific deductions--Any--

(i) deduction allowable under section 163 (relating to interest),

(ii) deduction for amounts which are properly allocable to indebtedness and amortized over the term of such indebtedness, or

(iii) deduction for dividends

(continued...)

section 162(k) applies to the period in which the costs and fees at issue in this case were paid or incurred and changes the tax treatment of the costs and fees, other than interest, that petitioner paid or incurred to borrow funds.[3]

The Court's opinion filed in August 1994 obviously did not reflect the Act's amendment of section 162(k) in August 1996. The parties, therefore, have jointly moved that we reconsider our opinion concerning section 162(k) and issue a supplemental opinion applying the 1996 amendment.

We shall grant the joint motion to reconsider. The parties have agreed to the amount of costs and fees allocable to indebtedness. We now hold that the expense disallowance rule of section 162(k), as amended on August 20, 1996, does not preclude petitioner from taking deductions for the amount of costs and fees it paid or incurred that are properly allocable to indebtedness and amortized over the term of such indebtedness.

---

[2](...continued)
            paid (within the meaning of section
            561).

            (B) Stock of certain regulated
        investment companies.--Any amount paid or
        incurred in connection with the redemption of
        any stock in a regulated investment company
        which issues only stock which is redeemable
        upon the demand of the shareholder.

[3]The Act's amendment to sec. 162(k) does not affect the Court's previous determination with respect to whether $26.2 million of the $40 million fee paid to Morgan Stanley should be characterized as interest. See Fort Howard Corp. v. Commissioner, supra at 369-376.

An appropriate order will be issued granting the parties' Joint Motion for Reconsideration of Opinion.

Decision will be entered under Rule 155.