T.C. Summary Opinion 2005-125

UNITED STATES TAX COURT

GARY E. AND REBECCA L. HURLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20949-03S.              Filed August 16, 2005.

Gary E. Hurley, pro se.

<u>John W. Strate</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

―――――――――――――

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years at
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies of $4,938 and $6,838 in petitioners' Federal income taxes for the years 1998 and 1999, respectively, and the accuracy-related penalty under section 6662(a) of $1,367.60 for 1999.

After concessions by respondent,[2] the issues remaining for decision are: (1) Whether petitioners are entitled to exclude 30 percent of petitioner husband's salary from gross income due to his 30 percent disability; (2) whether petitioners are entitled to an additional mortgage interest deduction of $5,567 under section 461(g)(2) for 1999; and (3) whether petitioners are liable for the section 6662(a) penalty for 1999. One other adjustment, petitioners' miscellaneous itemized deduction, is a computational adjustment that is resolved by the Court's holding on the other issues.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Paso Robles, California.

---

[2]Respondent incorrectly amortized points petitioners paid in the refinancing of their home mortgage over a 30-year period and based part of the $5,567 disallowed interest on that calculation. At trial, respondent conceded that petitioners had a 15-year mortgage, and the points paid should be amortized over a 15-year period. In addition, respondent conceded that petitioners were entitled to an additional deduction of $866 in interest for 1999 based on evidence petitioners presented before trial.

Petitioner husband (Mr. Hurley) was employed as a correctional officer for the California Department of Corrections (CDC), at the California Training Facility (CTF) in Soledad, California, since 1990. Sometime during 1995, Mr. Hurley sustained a back injury while lifting a heavy coffee urn at work. He was required to undergo surgery to replace several disks in his back, and, as a result, the California workers' compensation board determined he sustained a 30-percent permanent disability. Mr. Hurley received the full amount of a lump-sum workers' compensation settlement payment prior to the taxable years at issue.

During 1998 and 1999, Mr. Hurley had returned to work full time as a correctional officer at the CTF. In spite of his 30 percent disability, Mr. Hurley worked a full 40 hours a week and was no longer receiving any workers' compensation benefits. The CDC paid Mr. Hurley at the same rate during 1998 and 1999 as it did prior to his 1995 injury, and he had the same work duties. On their 1998 and 1999 Federal income tax returns, petitioners excluded 30 percent of his salary from gross income because of Mr. Hurley's continuing disability. Respondent disallowed this exclusion.

On April 1, 1999, petitioners refinanced the mortgage on their primary residence and paid points of $4,400.[3] They deducted the entire $4,400 on their 1999 Federal income tax return. Petitioners used the money saved from their reduced monthly payments for various improvements on their home. Petitioners' new mortgage payment was $300 a month less than their prior mortgage payments. Petitioners' home improvements consisted of replacing their roof, kitchen and bathroom floors, and a door. Respondent disallowed the $4,400 deducted for points and allowed an amortization of that amount based on a 30-year mortgage. At trial, respondent conceded petitioners were entitled to a 15-year amortization.

With respect to the first issue, petitioners contend that they excluded 30 percent of Mr. Hurley's wages from gross income on their 1998 and 1999 Federal income tax returns because they were informed by their tax preparer and some of Mr. Hurley's colleagues that this was an accepted practice among partially disabled law enforcement officers. Petitioners cite section 104(a)(1) in support of this exclusion which provides, in part: "Gross income does not include amounts received under workmen's compensation acts as compensation for personal injuries or

---

[3]The term "points" refers to a fee, generally equal to a percentage of the total loan, which is paid to the lending institution to lower the interest rate. They are classified, for purposes of sec. 163, as "prepaid interest".

sickness." Petitioners argue that, since Mr. Hurley was only 70 percent capable for the work that he was once 100 percent able to do, it followed that 30 percent of the wages he received was attributable to workers' compensation and, therefore, was excludable from gross income. The Court disagrees.

Gross income includes compensation for services and wages. Sec. 61(a); Abrams v. Commissioner, 82 T.C. 403, 407 (1984); sec. 1.61-2(a)(1), Income Tax Regs. Although section 104 does allow a taxpayer to exclude workers' compensation payments from gross income, Mr. Hurley agreed that he was no longer receiving workers' compensation, nor were his wages reduced by 30 percent when he returned to work. Although Mr. Hurley is 30 percent disabled, petitioners may not redefine the application of section 104 to allow a portion of his wages to be excluded from gross income. Exclusions from income must be based upon an explicit statute and may not be inferred. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); United States v. Wells Fargo Bank, 485 U.S. 351 (1988). Respondent, therefore, is sustained on this issue.

The next issue is deductions petitioners claimed on Schedule A, Itemized Deductions, of their 1999 Federal income tax return. Petitioners deducted the $4,400 in points they paid to refinance their mortgage. In the notice of deficiency, amortization of the points was allowed based on a 30-year mortgage, but, as noted earlier, respondent conceded at trial that the points were

amortizable over 15 years rather than 30 years. The issue, however, is whether petitioners should have been allowed to deduct the entire $4,400 in 1999.

Section 163(a) allows a deduction in full for interest paid or accrued within the taxable year on indebtedness. For Federal income tax purposes, interest generally is defined as "compensation for the use or forbearance of money". Deputy v. duPont, 308 U.S. 488, 498 (1940). With regard to prepaid interest, however, section 461(g) provides in part:

> SEC. 461(g). Prepaid Interest.
>
> (1) In general. If the taxable income of the taxpayer is computed under the cash receipts and disbursements method of accounting, interest paid by the taxpayer which * * * is properly allocable to any period--
>
> (A) with respect to which the interest represents a charge for the use or forbearance of money, and
>
> (B) which is after the close of the taxable year in which paid,
>
> shall be charged to capital account and shall be treated as paid in the period to which so allocable.

Therefore, a cash basis taxpayer must amortize prepaid interest over the life of his loan just as if he were on the accrual method of accounting. There is an exception, however, that allows a taxpayer to deduct the full amount of points paid "in respect of any indebtedness incurred in connection with the

purchase or improvement of, and secured by, the principal residence of the taxpayer".  Sec. 461(g).

Section 461(g)(2) provides two instances where a taxpayer may deduct the entire amount of points paid to refinance a personal residence:  when the taxpayer refinances in order to purchase a new home or refinances to make improvements to the home.  Consequently, points paid when the taxpayer refinances a personal residence simply or only for the purpose of obtaining a lower payment are not deductible.  Kelly v. Commissioner, T.C. Memo. 1991-605.  Respondent determined that, because petitioners enjoyed a lower monthly payment after refinancing, they must amortize the points over the life of their mortgage.  That fact alone, however, is not decisive.  Petitioners contend that section 461(g)(2) applies because they refinanced to enable them financially to complete certain improvements to their principal residence, which they, in fact, completed.

Petitioners presented evidence at trial of numerous improvements they made to their principal residence between 1999 and 2003[4] totaling $18,735.  During that period, petitioners saved $300 per month as a result of their lower mortgage payment, for an approximate savings of $14,400, which enabled them to

---

[4]Petitioners again refinanced the mortgage on their principal residence sometime in 2003; however, only the improvements made pursuant to the 1999 refinancing and prior to 2003 are before the Court here.

finance their improvements.  Respondent does not dispute or challenge the fact that improvements were both made and paid for by petitioners.  Respondent contends that, because the cost of their improvements exceeded the amount saved from the refinancing, section 461(g)(2) does not apply.  The Court disagrees.

Section 461(g)(2) applies if the taxpayer pays points to refinance "in connection with" the improvement of his principal residence.  The Court has never specifically addressed under what facts or circumstances section 461(g)(2) allows a taxpayer to deduct points paid during refinancing; however, the Court has addressed how narrowly the phrase "in connection with", as used in section 461(g)(2) and other Internal Revenue Code sections, should be construed.  Based on the intent of Congress, the Court applies a broad interpretation of the phrase "in connection with".  Fort Howard Corp. & Subs. v. Commissioner, 103 T.C. 345 (1994), superseded by legislation and supplemented by 107 T.C. 187 (1996).

In Fort Howard Corp. & Subs., the Court defined the meaning of the phrase "in connection with" as pertaining to a redemption deduction under section 162(k)(1).  The Court, id. at 353-354, cited congressional reports that stated:  "the phrase 'in connection with' is intended to be construed broadly" and would extend to "any other expenditure that is necessary or incident to

the repurchase".  S. Rept. 99-313, at 223 (1986), 1986-3 C.B.
(Vol. 3) 1, 223; H. Conf. Rept. 99-841, at 168-160 (1986), 1986-3
C.B. (Vol. 4) 1, 168-160.  In holding that the phrase "in
connection with" should be interpreted broadly, the Court also
noted:

> When Congress adopted "in connection with" for use in
> section 461(g)(2), it was aware of the Supreme Court's
> interpretation of the same language in Snow.[5]
> Therefore, it is reasonable to assume that they
> intended the same broad interpretation to be given to
> section 461(g)(2).  Thus, based on the language of the
> statute and past judicial interpretations of that
> language, we conclude that section 461(g)(2) should be
> broadly construed.  [Fort Howard Corp. & Subs v.
> Commissioner, supra at 353 n.16 (quoting Huntsman v.
> Commissioner, 905 F.2d 1182, 1183 (1990), revg. 91 T.C.
> 917 (1988)).]

Petitioners commenced their home improvements 9 days after
their refinancing.  Mr. Hurley testified that they refinanced
their home mortgage in order to "free up money to be able to do
home improvements.  That was the whole idea of it".  It is
immaterial that the cost of the improvements exceeded
petitioners' savings from the refinancing.  The difference is not
grossly disproportionate.  The Court finds petitioners' testimony
and the evidence presented credible and is satisfied that they

---

[5]The Supreme Court, in Snow v. Commissioner, 416 U.S. 500
(1974), held that Congress intended the phrase "in connection
with", as used in sec. 174, to have a broad legislative objective
and provide an economic incentive; therefore, it should be
interpreted broadly.

negotiated the refinancing of their personal residence in order to finance their home improvements. Respondent presented no authority that would require the improvements to be performed in the year of the refinancing, nor does the evidence suggest to the Court that petitioners' claim came as an afterthought after the deduction was disallowed by respondent. Therefore, the refinancing was "in connection with" home improvements. Sec. 461(g)(2). Petitioners may deduct the entire $4,400 paid in points on their 1999 Federal income tax return. Petitioners are sustained on this issue.

Respondent determined a section 6662(a) penalty of $1,367.60 for 1999. Section 6662 provides for a 20-percent penalty for any underpayment to which the section applies. Sec. 6662(a). Respondent determined, under section 6662(b): (1) Petitioners were negligent or disregarded rules or regulations, or (2) petitioners' deficiency represented a substantial understatement of income tax. Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and additions to tax.

Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title", and disregard includes "careless, reckless, or intentional disregard." Sec. 6662(c). A taxpayer is not negligent if he can demonstrate that the underpayment of tax was due to reasonable

cause and that the taxpayer acted in good faith.  Sec. 6664(c); sec. 1.6664-4(a), Income Tax Regs.  Reasonable cause may be shown by a good faith effort by the taxpayer to determine the correct tax liability.  Larson v. Commissioner, T.C. Memo. 2002-295.

Mr. Hurley testified that he discussed this exclusion with numerous law enforcement individuals who were excluding a portion of their income due to a permanent disability, and they confirmed to him that this was a common practice among law enforcement officers.  In addition, petitioners conferred over the phone with a representative of a tax return preparation service, H&R Block, who also advised that such a reduction was allowable and common practice.  The Court finds Mr. Hurley's testimony credible. Petitioners made no effort to hide the reason they were excluding 30 percent of Mr. Hurley's income; in fact, they attached a written explanation of the exclusion to their 1999 Federal income tax return.  In addition, once petitioners received the notice of deficiency, they included 100 percent of Mr. Hurley's income on their subsequent income tax returns while awaiting a decision by this Court.  Petitioners' actions amount to reasonableness under section 6662(c), and their actions are not considered by the Court to amount to "careless, reckless, or intentional disregard".

Section 6662(b)(2) also provides a penalty in the amount of 20 percent for any "substantial understatement of income tax".  A

substantial understatement is defined as the greater of 10 percent of the tax required or $5,000. Sec. 6662(d)(1)(A). Petitioners' understatement does amount to greater than $5,000; however, they qualify for a reduction of the understatement. Sec. 6662(d)(2)(B). Section 6662(d)(2)(B) provides for a reduction of an understatement due to the position of the taxpayer and his disclosure of a disputed item. Generally, under that provision, the amount of the understatement shall be reduced by that portion of the understatement that is attributable, in this case, to an item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return, and there is reasonable cause for the tax treatment of such item and good faith on the part of the taxpayer. Sec. 1.6662-3(b)(3), Income Tax Regs.

As previously discussed, petitioners consulted with and relied on the advice of a tax preparation service. They attached to their 1999 income tax return an explanation of why they excluded a portion of Mr. Hurley's wages. The explanation even included the Code section they, albeit mistakenly, relied on to take the exclusion. Mr. Hurley reasonably believed that section 104 provided for an exclusion because of his permanent disability. The Court is satisfied that petitioners acted in good faith and with reasonable cause. Therefore, the amount of the understatement for purposes of determining whether it amounts

to a "substantial understatement of income tax" is reduced to zero.  Sec. 6662(d)(1)(A).  Petitioners are not liable for the section 6662(a) penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.